**GREENBERG TRAURIG, LLP**
Ian Ballon (SBN 141819)
*Ballon@gtlaw.com*
Jiepu (Bobby) Li (SBN 342224)
*Bobby.li@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel.: 310.586.7700 Fax: 310.586.7800

Attorneys for Plaintiff Law Brothers, LLP

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAW BROTHERS, LLP, a California Limited Liability Partnership,<br><br>Plaintiff,<br><br>v.<br><br>ETHAN SHOHAM, an individual,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND CYBERSQUATTING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Law Brothers, LLP ("The Law Brothers" or "Plaintiff"), for its Complaint against Defendant Ethan Shoham ("Shoham" or "Defendant") alleges, on knowledge as to itself and otherwise on information and belief, as follows:

## INTRODUCTION

1. Law Brothers, LLP is a premier personal injury law firm dedicated to fighting for injury victims and securing the justice they deserve. Through tireless advocacy, multi-channel marketing, and exceptional client representation, Plaintiff has built substantial goodwill and powerful brand recognition in its federally registered trademarks THE LAW BROTHERS and LAWBROTHERS.COM. These are names that accident victims across the country recognize and trust when they need a lawyer.

2. Defendant Ethan Shoham set out to cash in on that trust. Shoham is not a lawyer. He is a litigation paralegal and self-described "demand writer." Rather than compete under his own name, he decided to borrow Plaintiff's.

3. In a brazen attempt to free-ride on The Law Brothers' hard-earned reputation, and while hiding behind a privacy service so no one could trace the registration to him, Shoham registered the domain name **thelawbros.com**, a near-verbatim copy of Plaintiff's marks. He then built a legal services business using his infringing domain name and created a Google business listing branded "The Law Bros," complete with "Law Brothers" signage, listing his own phone number.

4. The result is exactly what Shoham intended: consumers searching for The Law Brothers are met with a confusingly similar imposter and funneled to Shoham and his referral business instead of to Plaintiff. In short, Shoham did not build a brand, he hijacked one.

5. The Law Brothers brings this action to put an end to Shoham's scheme: to shut down the infringing site and listing, to transfer the thelawbros.com domain to its rightful owner, and to hold Shoham accountable for trading on a name that is not his.

## PARTIES

6. Plaintiff Law Brothers, LLP is a limited liability partnership organized under the laws of the State of California, with its principal place of business at 8370 Wilshire Boulevard, 2nd Floor, Beverly Hills, CA 90211. The Law Brothers advertises and provides personal-injury legal services throughout California and the United States.

7. On information and belief, Defendant Ethan Shoham is an individual residing in Los Angeles, California, within this judicial district.

## JURISDICTION AND VENUE

8. This is a civil action for trademark infringement, false designation of origin, unfair competition, and cybersquatting arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and under the statutory and common law of the State of California.

9. This Court has original subject-matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has supplemental jurisdiction over Plaintiff's California statutory and common law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy, arising from a common nucleus of operative facts, namely Shoham's registration and use of the thelawbros.com domain name and related branding to confuse consumers and divert business away from Plaintiff.

11. This Court has personal jurisdiction over Shoham because he resides in California and in this judicial district, and because he has committed the acts of infringement and unfair competition alleged herein within this State and district.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Shoham resides in this district and because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## THE LAW BROTHERS AND THE TRADEMARKS AT ISSUE

13. For years, The Law Brothers has continuously provided personal injury legal services under the names and marks THE LAW BROTHERS and LAWBROTHERS.COM. The Law Brothers has invested substantial resources in advertising and promoting its services under these marks.

14. The Law Brothers has also invested heavily in Google Ads to promote its business, legal services, and brand, including through advertisements appearing in Google search results and on Google Maps.

15. As a result of this long and continuous use, extensive advertising, and the quality of its services, the marks are distinctive and are widely recognized by the relevant consuming public as identifying The Law Brothers as the source of its legal services. The marks, and the goodwill they embody, are among The Law Brothers' most valuable assets.

16. Since at least 2021, The Law Brothers has continuously operated and promoted its practice through its official website at lawbrothers.com. The Law Brothers uses the lawbrothers.com website in the ordinary course of its business, including to advertise and market its legal services and to intake prospective clients. As a result of this continuous and prominent use, consumers associate "Law Brothers" and the lawbrothers.com domain name with The Law Brothers as the source of its legal services.

17. The Law Brothers owns valid, subsisting, and unrevoked United States federal trademark registrations on the Principal Register and California state trademark registrations in connection with providing legal services, including: (1) THE LAW BROTHERS (U.S. Registration No. 7,025,641), (2) LAWBROTHERS.COM (U.S. Registration No. 6,980,325), (3) LAW BROTHERS (California Registration No. 02020413), and (4) THE LAW BROTHERS (California Registration No. 02020412). These federal and California trademarks are collectively referred to in this complaint, hereafter, as the "Marks."

18. Each of the foregoing registrations is valid, subsisting, and unrevoked, and constitutes prima facie evidence of the validity of the Marks, of The Law Brothers'

ownership of the Marks, and of The Law Brothers' exclusive right to use the Marks in commerce in connection with the services identified in the registrations.

**DEFENDANT'S UNLAWFUL CONDUCT**

19. On information and belief, because Shoham works in the Los Angeles personal injury field, he was well aware of The Law Brothers, its Marks, and the goodwill associated with them before engaging in the conduct alleged herein.

20. Shoham registered the domain name thelawbros.com through the domain name service GoDaddy. Registration information obtained by Plaintiff identifies Shoham, and Shoham's home address, as the underlying registrant. On information and belief, Shoham registered the domain using GoDaddy's privacy service in an attempt to conceal his identity as the domain registrant.

21. Shoham's thelawbros.com domain name is identical or confusingly similar to Plaintiff's Marks. It incorporates the entirety of the dominant element of the Marks (THE LAW BROTHERS and LAWBROTHERS.COM), differing only by the abbreviation "bros" instead of "brothers."

22. Shoham's thelawbros.com website is designed to capture and convert consumers looking for a lawyer. It prominently displays the heading "THE LAW BROS" together with the tagline "Your trusted legal partners." The site solicits visitors to submit their names and email addresses through a "Contact Us" / "Drop us a line!" intake form, invites them to "Sign up for our email list for updates, promotions, and more," and collects the contact information of prospective personal injury clients. The site bears the notice "Copyright © 2026 The Law Bros - All Rights Reserved." True and correct screenshots of Shoham's thelawbros.com website are reproduced below:







23. The Shoham website does not disclose any affiliation with, or distinction from, The Law Brothers, and is likely to lead consumers to believe they are dealing with Plaintiff.

24. On information and belief, Shoham uses the thelawbros.com domain and service to capture consumers who are searching for The Law Brothers and to divert them to himself and to competing attorneys, for his own profit.

25. Shoham has further created or caused to be created a Google business listing under the name "The Law Bros" and "The Law Bros Law firm," which advertises a law

firm open “24 hours,” lists the telephone number (310) 935-5729, directs consumers to the thelawbros.com website, and displays a “LAW BROTHERS” logo. This listing appears alongside Plaintiff’s genuine listings in consumer search results, compounding the likelihood of confusion. A true and correct image of Defendant’s Google Maps listing is shown below:




26. Shoham’s use of the thelawbros.com domain name and the “The Law Bros” branding is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or approval of Shoham’s services, and falsely to suggest an association with or endorsement by The Law Brothers.

27. Shoham has no trademark or other rights in the Marks. The Law Brothers has no affiliation, connection, or association with Shoham, the thelawbros.com website, or his “The Law Bros” lawyer-referral service, and has never sponsored, endorsed, approved, or authorized any of them.

28. By using the Marks and confusingly similar designations to present himself and his services as The Law Brothers or as affiliated with The Law Brothers, Shoham falsely holds himself out as connected to, sponsored by, or endorsed by The Law Brothers, when no such relationship exists.

29. Shoham is not a licensed attorney and does not himself provide legal services. Prior to adopting a copy of The Law Brothers’ established Marks and registering the thelawbros.com domain, Shoham had no business, goodwill, or reputation associated with the “Law Brothers” or “The Law Bros” name. Nor has Shoham made any *bona fide* noncommercial or fair use of the Marks. Shoham’s use is therefore neither *bona fide* nor legitimate, but a pretext for trading on Plaintiff's Marks.

30. On information and belief, Shoham registered and has used the thelawbros.com domain name and the “The Law Bros” branding knowingly, willfully, and in bad faith, with the intent to trade on and profit from the goodwill associated with Plaintiff’s Marks and to divert Plaintiff’s prospective clients to himself.

31. As a direct and proximate result of Shoham’s conduct, The Law Brothers has suffered and will continue to suffer damage to its business, reputation, and goodwill, and irreparable harm for which there is no adequate remedy at law.

## **FIRST CLAIM FOR RELIEF**

## **(Federal Trademark Infringement — 15 U.S.C. § 1114)**

32. The Law Brothers repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

33. The Law Brothers owns valid and federally registered trademarks, including THE LAW BROTHERS and LAWBROTHERS.COM, Registration Nos. 7,025,641 and 6,980,325 (collectively the “Federal Marks”), which are used in commerce in connection

with its legal services.

34. Without The Law Brothers' consent, Shoham has used in commerce reproductions, copies, and colorable imitations of the Federal Marks, including the thelawbros.com domain name and the "The Law Bros" designation, in connection with the advertising and offering of legal-referral and related services.

35. Shoham's unauthorized use of designations confusingly similar to the Federal Marks for the same or closely related services is likely to cause confusion, to cause mistake, and to deceive consumers as to the source, origin, sponsorship, or approval of Shoham's services, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. On information and belief, Shoham's infringement has been willful and undertaken with the intent to trade on Plaintiff's goodwill and to deceive the public.

37. As a direct and proximate result of Shoham's infringement, The Law Brothers has been and will continue to be damaged in its business, reputation, and goodwill. Shoham's conduct has caused and, unless enjoined, will continue to cause irreparable harm to The Law Brothers for which there is no adequate remedy at law. The Law Brothers is entitled to injunctive relief under 15 U.S.C. § 1116 and to recover Shoham's profits, Plaintiff's damages, enhanced damages, costs, and attorneys' fees under 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

## (Federal False Designation of Origin and Unfair Competition — 15 U.S.C. § 1125(a))

38. The Law Brothers repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

39. Shoham's use of the thelawbros.com domain name and the "The Law Bros" designation to identify and promote his services constitutes a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Shoham with The Law Brothers, and as to the origin, sponsorship, or approval of Shoham's services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. The Marks are distinctive and have acquired substantial goodwill, and

Shoham's use of confusingly similar designations trades on and threatens that goodwill.

41. On information and belief, Shoham has acted willfully and in bad faith with the intent to deceive the public and to profit from Plaintiff's goodwill.

42. As a direct and proximate result of Shoham's conduct, The Law Brothers has suffered and will continue to suffer damage to its business, reputation, and goodwill, and irreparable harm for which there is no adequate remedy at law. The Law Brothers is entitled to injunctive relief under 15 U.S.C. § 1116 and to recover Shoham's profits, Plaintiff's damages, enhanced damages, costs, and attorneys' fees under 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

## (Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

43. The Law Brothers repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

44. The Marks, including THE LAW BROTHERS and LAWBROTHERS.COM, are distinctive marks owned by The Law Brothers, and were distinctive at the time Shoham registered the thelawbros.com domain name.

45. Plaintiff's rights to and interest in the Marks are superior to any right or interest in such marks by Defendant hereto.

46. Shoham registered, trafficked in, and used the thelawbros.com domain name, which, as alleged above, is identical or confusingly similar to The Law Brothers' distinctive Marks.

47. Shoham registered, trafficked in, and used the thelawbros.com domain name with a bad-faith intent to profit from the Marks, within the meaning of 15 U.S.C. § 1125(d)(1)(A)(i). Shoham's bad-faith intent to profit is confirmed by the non-exclusive factors set out in 15 U.S.C. § 1125(d)(1)(B)(i): (a) Shoham has no trademark or other intellectual property rights in the thelawbros.com domain name; (b) the domain name is neither Shoham's legal name nor a name otherwise used to identify him; (c) Shoham made no prior *bona fide* or lawful use of the domain name in connection with the offering of any goods or services; (d) Shoham has made no *bona fide* noncommercial or fair use of the

Marks on the site; (e) Shoham registered and used the domain name with the intent to divert consumers away from The Law Brothers' website to a different domain under Shoham's control for commercial gain; (f) Shoham registered the domain name while concealing his identity behind a privacy service; and (g) the Law Brothers' Marks are highly distinctive and well-known.

48. Shoham did not believe, and could not reasonably have believed, that his registration or use of the thelawbros.com domain name was a fair use or otherwise lawful, and his conduct is not protected by 15 U.S.C. § 1125(d)(1)(B)(ii).

49. By registering, trafficking in, and using the thelawbros.com domain name with a bad-faith intent to profit from the Marks, Shoham has engaged in cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)(1).

50. As a direct and proximate result of Shoham's cybersquatting, The Law Brothers has suffered and will continue to suffer damage and irreparable harm for which there is no adequate remedy at law. The Law Brothers is entitled to an order directing the forfeiture, cancellation, or transfer of the thelawbros.com domain name to The Law Brothers pursuant to 15 U.S.C. § 1125(d)(1)(C), to injunctive relief under 15 U.S.C. § 1116, and, at The Law Brothers' election at any time before final judgment, to an award of statutory damages of not less than $1,000 and not more than $100,000 per domain name pursuant to 15 U.S.C. § 1117(d), together with costs and reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF

## (California Statutory Trademark Infringement — Cal. Bus. & Prof. Code § 14245(a)(1))

51. The Law Brothers repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

52. The Law Brothers owns valid, subsisting, and unrevoked California registrations for the marks LAW BROTHERS (Registration No. 02020413) and THE LAW BROTHERS (Registration No. 02020412) for legal services (collectively, the "California Marks"). The Law Brothers uses the California Marks in connection with advertising and

providing its legal services throughout California.

53. Without The Law Brothers' consent, Shoham has used reproductions, copies, or colorable imitations of the California Marks in connection with advertising and offering lawyer-referral and related services in California. Such uses include the thelawbros.com domain name, the "THE LAW BROS" designation displayed on his website, and the "The Law Bros" and "The Law Bros Law firm" Google business listing displaying a "LAW BROTHERS" logo and directing consumers to his website and telephone number.

54. Shoham's unauthorized use of these designations in connection with services that are the same as or closely related to those advertised and provided by The Law Brothers is likely to cause confusion or mistake, or to deceive consumers as to the source or origin of those services. Among other things, consumers are likely to believe that Shoham's website, business listing, and services originate with The Law Brothers or are affiliated with, sponsored by, or approved by The Law Brothers, when no such relationship exists.

55. Shoham's conduct constitutes infringement of the California Marks in violation of California Business and Professions Code § 14245(a)(1).

56. On information and belief, Shoham undertook the foregoing acts with knowledge of The Law Brothers' rights in the California Marks and with the intent to cause confusion, divert prospective clients, and trade on the goodwill and reputation associated with those marks. His infringement has been deliberate, willful, and undertaken in bad faith.

57. As a direct and proximate result of Shoham's infringement, The Law Brothers has suffered and will continue to suffer injury to its business, reputation, and goodwill. Unless enjoined, Shoham's conduct will continue to cause irreparable harm for which The Law Brothers has no adequate remedy at law. The Law Brothers seeks preliminary and permanent injunctive relief and all other relief available under California Business and Professions Code §§ 14245 and 14250.

## <u>FIFTH CLAIM FOR RELIEF</u>

## <u>(California Common Law Trademark Infringement)</u>

58. The Law Brothers repeats and realleges paragraphs 1 through 32 as if fully set

forth herein.

59. The Law Brothers owns and enjoys common law rights in the Marks in California by virtue of its continuous use of the Marks in connection with its legal services, which rights are superior to any rights Shoham can claim.

60. Shoham's use of the thelawbros.com domain name and the "The Law Bros" designation is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of Shoham's services, and constitutes infringement of Plaintiff's Marks under the common law of the State of California.

61. On information and belief, Shoham has acted deliberately, willfully, and in bad faith, with the intent to trade on the goodwill and reputation symbolized by the Marks.

62. As a direct and proximate result of Shoham's conduct, The Law Brothers has suffered and will continue to suffer damage to its business, reputation, and goodwill, and irreparable harm for which there is no adequate remedy at law, entitling The Law Brothers to damages and to injunctive relief.

## SIXTH CLAIM FOR RELIEF

**(California Statutory Unfair Competition — Cal. Bus. & Prof. Code § 17200, et seq.)**

63. The Law Brothers repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

64. Shoham's conduct, as alleged above, constitutes unlawful, unfair, and fraudulent business acts and practices in violation of California Business and Professions Code § 17200, *et seq.* Among other things, Shoham's conduct is "unlawful" because it violates the Lanham Act and California common law, and is "unfair" and "fraudulent" because it is likely to deceive the public into believing that Shoham's services are those of, or are affiliated with or sponsored by, The Law Brothers.

65. On information and belief, Shoham's conduct is willful and undertaken in deliberate disregard of The Law Brothers' rights, and Shoham has been unjustly enriched by it.

66. As a direct and proximate result of Shoham's conduct, The Law Brothers has

suffered and will continue to suffer injury, including irreparable harm to its business, reputation, and goodwill for which there is no adequate remedy at law. The Law Brothers is entitled to injunctive relief and restitution under California Business and Professions Code §§ 17203 and 17204.

**PRAYER FOR RELIEF**

WHEREFORE, The Law Brothers respectfully requests that the Court enter judgment in its favor and against Shoham as follows:

a) A judgment in favor of Plaintiff and against Defendant on all claims alleged herein;

b) Finding that Shoham has infringed Plaintiff's Marks, engaged in false designation of origin and unfair competition, and engaged in cybersquatting, in violation of 15 U.S.C. §§ 1114, 1125(a), and 1125(d), and has violated California common law and California Business and Professions Code § 14245(a)(1) and § 17200, *et seq.*;

c) Preliminarily and permanently enjoining Shoham, and all persons acting in concert with him, from using LAW BROTHERS, THE LAW BROTHERS, LAWBROTHERS.COM, "The Law Bros," the thelawbros.com domain name, or any other mark, name, or domain confusingly similar to the Marks, in connection with the advertising, offering, or provision of any legal or legal-referral services, pursuant to 15 U.S.C. § 1116;

d) Ordering the forfeiture, cancellation, or transfer to The Law Brothers of the thelawbros.com domain name pursuant to 15 U.S.C. § 1125(d)(1)(C);

e) Ordering Shoham to take down or cause to be taken down the "The Law Bros" Google Maps listing and any other listing, advertisement, or materials bearing the Marks or any confusingly similar designation, and to deliver up for destruction all such infringing materials pursuant to 15 U.S.C. § 1118;

f) Awarding The Law Brothers Shoham's profits, actual damages, and costs pursuant to 15 U.S.C. § 1117(a) and California Business and Professions Code

§§ 14245 and 14250, including enhanced damages to the extent authorized by law, without duplicative recovery;

g) At Plaintiff's election before final judgment, awarding statutory damages of $100,000 per domain name pursuant to 15 U.S.C. § 1117(d), in lieu of actual damages and profits for cybersquatting;

h) Awarding restitution and disgorgement of Shoham's ill-gotten gains pursuant to California Business and Professions Code § 17203;

i) Finding this to be an exceptional case and awarding The Law Brothers its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

j) Awarding pre-judgment and post-judgment interest and costs as fixed by the Court; and

k) Granting such other and further relief as the Court deems just and proper.

DATED: November 13, 2026 GREENBERG TRAURIG, LLP

By: */s/ Ian Ballon*
Ian Ballon
Jiepu (Bobby) Li
*Attorneys for Plaintiff Law Brothers, LLP*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Law Brothers, LLP hereby demands a trial by jury as to all claims in this action.

DATED: November 13, 2026 GREENBERG TRAURIG, LLP

By: */s/ Ian Ballon*
Ian Ballon
Jiepu (Bobby) Li
*Attorneys for Plaintiff Law Brothers, LLP*